UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

RODERICK HERBERT,

    Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY and DOES 1-20, inclusive,

    Defendants.

No.  C 06-05532 SBA

**ORDER**

[Docket No. 83]

Before the Court is plaintiff Roderick Herbert's Motion for Order Extending Time to File Notice of Appeal (the "Motion") [Docket No. 83] and defendant State Farm's Opposition to Plaintiff's Motion (the "Opposition") [Docket No. 94].  Herbert's counsel filed a notice of appeal 49 days after judgment, rather than within 30 days, as required by Federal Rule of Appellate Procedure 4(a)(1)(A), because his associate mistakenly calendared the notice deadline under the 60-day deadline provided by Rule 8.104(a) of the California Rules of Court.  As discussed below, applying the "excusable neglect" factors enunciated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), and following the Ninth Circuit's guidance in *Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 961 (2004), the Court finds good cause to extend Herbert's time to appeal, and GRANTS his Motion.

**BACKGROUND**

On December 7, 2004, Herbert's 2002 Harley Davidson Road King motorcycle was allegedly stolen.  Docket No. 71 ¶¶ 10-11.  Herbert filed an insurance claim with State Farm, claiming a value of $44,000 due to customization, though he had paid $22,000 for it in 2002.  Docket No. 66, Ex. "C"; Docket No. 67, Ex. "O" at 2; Docket No. 71 ¶ 4.  State Farm investigated.  It concluded that Herbert "made numerous misstatements, including [regarding] his criminal history, loss history, the sequence of events following the alleged loss, and his acquisition and installation of

motorcycle parts." Docket No. 67 at 13 para. 3. State Farm found that these statements and the results of its investigation raised questions regarding his "credibility, financial motive, facts of the loss and [his] involvement in the subject loss." *Id.* at 14 para. 4. On July 13, 2005, State Farm denied Herbert's claim. Docket No. 68.

On July 13, 2006, Herbert sued State Farm in Alameda County Superior Court, alleging breach of contract and breach of the implied covenant of good faith and fair dealing. Docket No. 1, Ex. "A," at 1. On September 11, 2006, State Farm removed the matter to this Court on diversity grounds. *See* Docket No. 1. On February 14, 2008, the Court granted summary judgment for State Farm on both of Herbert's claims. *See* Docket No. 76. A final judgment was entered in the docket on the same day. *See* Docket No. 77. Aside from costs taxed by the Clerk without opposition, on March 18, 2008, there were no immediate post-trial motions filed. *See* Docket No. 80. As such, Herbert's deadline to file a notice of appeal was March 14, 2008. *See* Fed. R. App. Proc. 4(a)(1). Herbert did not file a Notice of Appeal, however, until April 2, 2008. *See* Docket No. 81.

This same day, Herbert filed the Motion before the Court, requesting the Court to provide him with an extension of time to file his notice of appeal, under Federal Rule of Appellate Procedure 4(a)(5), based on excusable neglect. *See* Docket No. 83 at 3. Herbert notes that his counsel only has one associate, who incorrectly believing this was a California superior court matter, calendared his appeal deadline for 60 days, based on Rule 8.104(a) of the California Rules of Court. Docket Nos. 84-85. Herbert also notes that his counsel discovered the error on April 1, 2008, and filed his Motion the next day. *Id.* ¶ 7. On May 20, 2008, State Farm filed its Opposition, asserting the calendering error was not excusable neglect. *See* Docket No. 94 at 1, 4-5.

## LEGAL STANDARD

In the California court system, absent a post-trial motion or statutory exception, the time to appeal is the earliest of: (1) 60 days after the superior court clerk mails a Notice of Entry of Judgment or a file-stamped copy of the judgment; (2) 60 days after the party filing the notice of appeal serves or is served by a party with a Notice of Entry of Judgment or a file-stamped copy of the judgment; or (3) 180 days after entry of judgment. Cal. R. Ct. 8.104(a). In the federal court system, absent certain post-trial motions, the time to appeal in a civil matter not involving the

government, is "30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A); *Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 961 (2004). The district court may extend the time to file a notice of appeal, however, if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." Fed. R. App. Proc. (a)(5)(A); *Pincay*, 389 F.3d at 854 n.1.

## ANALYSIS

Applying the "excusable neglect" factors enunciated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), and following the Ninth Circuit's guidance in *Pincay v. Andrews*, the Court finds good cause to extend Herbert's time to appeal. In *Pioneer*, the Supreme Court analyzed Federal Bankruptcy Rule 9600(b), which provides for extensions of time to file claims based on "excusable neglect." *Pioneer Inv. Servs. Co.*, 507 U.S. at 382-383. The Court held that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (footnotes omitted). "The Court also reviewed various contexts in which the phrase appeared in the federal rules of procedure and made it clear the same test applies in all those contexts." *Pincay*, 389 F.3d at 855.

The Supreme Court then held, "[b]ecause Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. The Court held the factors to consider include, "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.*

In *Pincay v. Andrews*, the Ninth Circuit applied the *Pioneer* factors to facts very similar to those before this Court. In *Pincay*, after final judgment, an attorney in a large law firm delegated to a non-lawyer calendaring clerk the responsibility for calendering the appeal. *Pincay v. Andrews*,

351 F.3d 947, 948-49 (9th Cir. 2003), *rev'd on reh'g*, 389 F.3d at 855, 860. The paralegal, mistakenly believed that Pincay's matter involved the federal government as a party, and calendared the appeal deadline for 60 days, under Federal Rule of Appellate Procedure 4(a)(1)(B), rather than for 30 days, as required under Rule 4(a)(1)(A). *Pincay*, 389 F.3d at 855. Within 3 days of realizing the error, which was within 55 days of final judgment, the law firm filed a motion for an extension of time to appeal, based on excusable neglect under Rule 4(a)(5)(A). *Pincay*, 351 F.3d at 949. As the Ninth Circuit noted:

> By that time the matter had been in litigation for more than 15 years. Everyone involved should have been well aware that the government was not a party to the case, and any lawyer or paralegal should have been able to read the rule correctly. The misreading of the rule was a critical error that, had the district court viewed the situation differently, would have ended the litigation then and there with an irreparably adverse result for Andrews. The district court, however, found the neglect excusable and granted the motion for an extension of time to file the notice of appeal.

*Pincay*, 389 F.3d at 855.

In affirming, the Ninth Circuit noted that "the district court analyzed each of the *Pioneer* factors and correctly found: (1) there was no prejudice, (2) the length of delay was small, (3) the reason for the delay was carelessness, and (4) there was no evidence of bad faith." *Id.* at 855-56. It also affirmed the trial court finding that "carelessness" was not inconsistent with "excusable neglect," based on *Marx v. Loral Corp.*, 87 F.3d 1049 (9th Cir. 1996). *Pincay*, 389 F.3d at 856. In *Marx*, plaintiffs filed their appeal 31 days after an August 24 judgment, because they incorrectly counted August as having 30 days, instead of 31 days. *Marx*, 87 F.3d at 1053. Applying the *Pioneer* factors, the Ninth Circuit in *Marx* held this constituted excusable neglect. *Id.* at 1053-54.

In *Pincay*, in affirming, the Ninth Circuit focused on the third *Pioneer* factor, "the reason for the delay" and held that "[w]e recognize that a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered; yet the nature of the contextual analysis and the balancing of the factors adopted in *Pioneer counsel against the creation of any rigid rule*." *Pincay*,

389 F.3d at 859 (emphasis added).  The court continued:

///

> Rather, the decision whether to grant or deny an extension of time to file a notice of appeal should be entrusted to the discretion of the district court because the district court is in a better position than we are to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . ., and the likelihood of injustice if the appeal was not allowed.

*Id.*

Turning to the facts of this matter, Herbert asserts that under *Pioneer* and *Pincay*, the Court should find good cause to grant his Motion.  Herbert notes that his short delay of 19 days works no prejudice to State Farm.  Further, he notes that while his counsel's error was unfortunate and careless, it was not executed in bad faith or to obtain any advantage.  Herbert also notes that like the calendaring clerk in *Pincay*, his attorney's associate mistakenly believed he had 60 days to appeal, rather than 30, and he moved immediately to file a motion for an extension, as soon as the error was discovered.  He also notes that unlike the large firm at issue in *Pincay*, his attorney has only one associate.  In opposition, State Farm notes that this associate has been an attorney for 27 years, and asserts that it is thus inexcusable for him to fail to distinguish between California and federal appeal deadlines.[1]

The Court first notes that it granted summary judgment for State Farm predicated on evidence which questioned the nature of Herbert's conduct both in connection with the theft of his motorcycle as well as his cooperation or lack thereof with State Farm's investigation.  Nonetheless, the Court distinguishes Herbert's conduct from his counsel's conduct.  So too, apparently, does State Farm, who does not assert that Herbert's counsel acted in bad faith or to obtain an unfair advantage.

---

[1]  State Farm also invites the Court to step backward in time, because "[p]rior to *Pincay*, the bright-line rule was excusable neglect does not exist in circumstances where the party was mistaken in the applicable law or procedural rule." Opp'n at 2:14-16.  Without addressing the merits of this invitation, the Court declines it, noting that *Pioneer* and *Pincay*, the law of the United States and the law of the Ninth Circuit, respectively, clearly hold that per se rules defining "excusable neglect" are prohibited.  *Pincay*, 389 F.3d at 859-60.

Likewise, State Farm does not assert that any undue prejudice would result from granting an

///

extension.  Nor does State Farm challenge the length of the delay, which is shorter than the one in *Pincay*, or the timeliness of the Motion before the Court.

Instead, State Farm focuses on the reason for the delay, carelessness, and urges the Court to find it inexcusable, given the associate's years of experience.  The Court notes, however, that the *Pincay* court affirmed the trial court finding excusable neglect, even though after 15 years of litigation, it was careless, to say the least, for a calendaring clerk to err on the ground that he or she believed the matter involved a government party.  *See Pincay*, 389 F.3d at 855.  This is why, as *Pioneer* notes, "excusable neglect" is considered an elastic concept.  *See Pioneer Inv. Servs. Co.*, 507 U.S. at 392.

Beyond the *Pioneer* factors, *Pincay* instructs the Court to consider other factors, such as diligence.  Herbert's counsel declares that he discovered the error, because the associate calendared the time to appeal for April 18, 2008, and the time to prepare the notice for April 1, 2008.  Docket No. 84 ¶ 6.  When counsel commenced work on the notice, on April 1, 2008, he discovered the calendaring error, and filed the Motion the following day.  *Id.* ¶ 7; Docket No. 85 ¶ 7.  Thus, while the error was predicated on a failure to correctly calendar Herbert's deadlines, it was not predicated on a failure to diligently prosecute his appeal within the mis-calendared deadlines.  As *Pincay* instructs, considering the *Pioneer* factors, as well as counsel's diligence, and the *absolute* deprivation a denial would work on Herbert, the Court finds it equitable to GRANT the Motion, and allow him to proceed with his appeal.

**CONCLUSION**

Accordingly, the Court GRANTS plaintiff Roderick Herbert's Motion for Order Extending Time to File Notice of Appeal (the "Motion") [Docket No. 83]. The Court extends the time for him to file a notice of appeal through April 2, 2008, the date on which he filed his Notice of Appeal [Docket No. 81].

IT IS SO ORDERED.

January 9, 2009

_____
Saundra Brown Armstrong
United States District Judge